**William C. HASKELL, Jr.,
Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF
AGRICULTURE, Defendant–Appellee.**

**No. 90–3228.**

United States Court of Appeals,
Tenth Circuit.

April 16, 1991.

William C. Haskell, Jr., pro se.

Lee Thompson, U.S. Atty., and Karen Arnold–Burger, Asst. U.S. Atty., D. Kan., Kansas City, Kan., for defendant-appellee.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.

LOGAN, Circuit Judge.

Appellant William C. Haskell, Jr. (Haskell) sought review of an administrative decision of the appellee United States Department of Agriculture (Secretary) permanently disqualifying his store, Haskell Brothers Grocery, from participation in the food stamp program. 7 C.F.R. § 278.6(a).[1] Haskell's store was charged with thirteen separate violations of Food and Nutrition Service (FNS) regulations including trafficking in food stamps for cash and marijuana and exchanging food stamps for ineligible items.[2]

---

**1.** The regulation authorizes disqualification of "any authorized retail food store ... from further participation in the program if the firm fails to comply with the Food Stamp Act.... [D]isqualification shall be permanent for a firm's third sanction or a disqualification based on trafficking in coupons or ATP cards."
7 C.F.R. § 278.6(a).

**2.** Trafficking is defined as "the buying or selling of coupons or ATP [authorization to participate] cards for cash." 7 C.F.R. § 271.2.

At the time of this appeal, Haskell was the sole owner of the Haskell Brothers Grocery. The record indicates, however, that the various other members of the Haskell family, cited in the violations, have been involved in the ownership and operation of the business in the past, including Haskell's father, two sisters, and two brothers. The investigation also revealed the involvement of Richard Clark, whose relationship, if any, to the Haskell family is unknown.

The store originally was approved for participation in the food stamp program in 1978. Due to a history of excessive food stamp redemptions, the store was investigated for possible violations of FNS regulations in April 1980. In 1981, the store was penalized for exchanging food stamps for cash and marijuana. Thereafter, the FNS made yearly educational visits to the store until January 1986, when a second investigation for possible violations was initiated. At the time of this investigation, Muriel Haskell, sister of William Haskell, Jr., was a co-owner of the store. Between October 1986 and January 1987, the co-owners and other store employees engaged in transactions with an investigative aide in which food stamps were exchanged for cash, marijuana, and other noneligible items. These violations resulted in a decision by the Secretary to disqualify the store permanently from participation in the food stamp program.

Upon review of the Secretary's decision, the district court granted the Secretary's motion for summary judgment and denied Haskell's cross motion for summary judgment and motion to suppress. *Haskell v. United States Dep't of Agriculture*, 743 F.Supp. 765 (D.Kan.1990). We consider three issues on appeal: (1) whether the transaction reports prepared during the FNS investigation should have been excluded by the district court because they were hearsay; (2) whether Haskell was denied due process during the administrative proceedings; and (3) whether the district court

appropriately affirmed sanctions imposed by the Secretary upon Haskell.[3]

This court reviews an award of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party. *See Ewing v. Amoco Oil Co.*, 823 F.2d 1432, 1437 (10th Cir.1987). We review a district court's evidentiary rulings using an abuse of discretion standard. *United States v. Alexander*, 849 F.2d 1293, 1301 (10th Cir.1988). Under this standard, a trial court's rulings "will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Ortiz*, 804 F.2d 1161, 1164 n. 2 (10th Cir.1986).

I

We first address the question whether the Secretary's transaction reports would be admissible at trial. We affirm the district court's conclusion that such reports, though hearsay, would be admissible.

An investigative aide visited Haskell's grocery store on several occasions. Immediately following each visit to Haskell's store a transaction report was completed and signed by the investigative aide and by the special agent assigned to the investigation. Each report stated the nature of the transaction, a description of the store employee involved in the transaction, and whether ineligible items were exchanged for food stamps. A report was completed following each contact, whether or not a violation took place. I R. tab 20, ex. B. Following completion of the investigation, but before a final administrative determination, the investigative aide involved in these transactions was killed in an automobile accident. Nonetheless, the transaction reports were considered by the FNS in making its disqualification determination and

---

**3.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

by the district court in granting the Secretary's motion for summary judgment.

Haskell now challenges the district court's determination that the transaction reports would be admissible at trial under two exceptions to the hearsay rule: Fed.R. Evid. 803(6) (the business records exception) and 803(8) (the public records exception). Because we agree that the reports would be admissible under Rule 803(6), we do not reach the court's Rule 803(8) ruling.

Rule 803(6) allows hearsay statements to be admitted as evidence when they are contained in a writing or record "of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity...." In *Abdel v. United States*, 670 F.2d 73 (7th Cir.1982), the Seventh Circuit addressed whether transaction reports prepared in the course of an FNS investigation are admissible under Rule 803(6). The FNS procedures employed in preparing those reports were virtually identical to the procedures employed in preparing the reports at issue in the instant case. An investigative aide, working with a compliance specialist, visited Abdel's store eight times. The aide, who was given food stamps supplied by the compliance specialist, would enter the store and shop for eligible as well as ineligible food items. The aide then would report to the compliance specialist who would record all items purchased and the amount of food stamps exchanged. A transaction report would be prepared immediately and signed by both the compliance specialist and the aide. The procedure was the same after each of the eight contacts by the aide. The transaction reports then were submitted to the investigating authority according to Department of Agriculture procedures. *Id.* at 75.

In holding the transaction reports admissible under Rule 803(6), the *Abdel* court determined the reports "were prepared pursuant to the [Secretary's] mandate to effectuate the purpose of the Food Stamp Program, which is to: 'permit low-income households to obtain a more nutritious diet through normal channels of trade by increasing food purchasing power for all eligible households who apply for participation.'" 670 F.2d at 76 (quoting 7 U.S.C. § 2011) (footnote omitted).

This conclusion is consistent with numerous cases holding that records and reports, prepared in the regular course of federal agency law enforcement investigations, are admissible under hearsay exceptions. *See, e.g., Bell v. Birmingham Linen Serv.*, 715 F.2d 1552, 1554 n. 4 (11th Cir.1983) (EEOC determination held admissible evidence), *cert. denied*, 467 U.S. 1204, 104 S.Ct. 2385, 81 L.Ed.2d 344 (1984); *Local Union No. 59, Int'l Bhd. of Elec. Workers v. Namco Elec., Inc.*, 653 F.2d 143, 145 (5th Cir.1981) (results of NLRB investigation held admissible); *Falcon v. General Tel. Co. of S.W.*, 626 F.2d 369, 382 (5th Cir.1980) (GSA reports admissible if "made pursuant to duties derived from authority granted by law"), *vacated on other grounds*, 450 U.S. 1036, 101 S.Ct. 1752, 68 L.Ed.2d 234 (1981); *Smith v. Universal Servs., Inc.*, 454 F.2d 154, 158 (5th Cir.1972) (EEOC investigation report held admissible). Accordingly, we hold that the district court properly considered the transaction reports in granting summary judgment.

## II

 Haskell next argues that the district court erred in concluding that he was afforded adequate procedural due process during the administrative proceedings. The district court, assuming that Haskell possessed a property interest in the privilege of continued participation in the food stamp program, determined that he had received adequate notice, opportunity to be heard via the submission of information to the review officer, and opportunity to reply to the charge letter. *Haskell v. United States Dep't of Agriculture*, 743 F.Supp. at 771. Also, Haskell, upon request, was granted a review of the disqualification determination with additional opportunity to submit information in support of his

position.[4] Although Haskell was not afforded an evidentiary hearing at the administrative level, he sought and received de novo review of the administrative decision from the district court.[5] When such an opportunity for judicial review exists, the lack of an evidentiary hearing at the administrative level is not a denial of due process. *McGlory v. United States,* 763 F.2d 309, 311–12 (7th Cir.1985); *Cross v. United States,* 512 F.2d 1212, 1217 (4th Cir.1975). "[O]nce a participant seeks review de novo, the adequacy of the administrative process as an abstract matter is no longer important.... The adequacy of the prior process is no more important than the 'process' that precedes an agency's decision to commence a proceeding or suit...." *McGlory v. United States,* 763 F.2d at 312.

■ Haskell further argues that admission of the transaction reports at trial would violate his due process rights because he could not confront and cross-examine the investigating aide who helped prepare them. We disagree. We already have determined that the transaction reports are admissible under Rule 803(6). Thus, even if due process entitles Haskell to cross-examine adverse witnesses, Haskell's inability to cross-examine the aide is not fatal to the admission of the transaction reports. *See, e.g., Ohio v. Roberts,* 448 U.S. 56, 63, 100 S.Ct. 2531, 2537, 65 L.Ed.2d 597 (1980) (Noting in criminal case that if literally applied, "the [confrontation] Clause would abrogate virtually every hearsay exception, a result long rejected as unintended and too extreme.").

### III

■ Finally, we conclude that the district court appropriately upheld the sanctions imposed by the Secretary. "[T]he Secretary's imposition of sanctions, such as ... disqualification ... or penalties should be upheld upon trial *de novo* unless the court finds that the Secretary's choice of

sanction is unwarranted in law or without justification in fact." *Joudeh v. United States,* 783 F.2d 176, 178 (10th Cir.1986) (citing *Kulkin v. Bergland,* 626 F.2d 181 (1st Cir.1980)); *see also Wolf v. United States,* 662 F.2d 676, 678 (10th Cir.1981) (arbitrary and capricious standard is the most favorable standard of review possible for plaintiff seeking review of sanctions imposed by Secretary). In light of the admissible evidence of violations contained in the transaction reports and Haskell's failure to offer any specific facts refuting the violations, we concur with the district court that no material issue of fact exists and that defendant is entitled to judgment as a matter of law. *See Kulkin,* 626 F.2d at 183–84.

Appellant's motions to appoint an attorney to orally argue and for oral argument are DENIED. The judgment of the United States District Court for the District of Kansas is AFFIRMED.

---

**4.** The only additional information submitted by Haskell was affidavits of other Haskell family members involved in the violations, stating that they were not involved in the operation of the business at the time the violations occurred.

**5.** A store owner who disagrees with the Secretary's decision to impose penalties for food stamp violations may seek de novo review in the United States District Court. 7 U.S.C. § 2023; 7 C.F.R. § 279.10.